United States District Court
Southern District of Texas
**ENTERED**
March 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CURTIS MURPHY, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:24-CV-4940 |
| § | |
| FRANK NANIA, § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Remand.[1] ECF 10. After considering the parties' arguments and the applicable law, the Court RECOMMENDS Plaintiff's Motion for Remand (ECF 10) be DENIED.

### I. Procedural and Factual Background.

On November 4, 2024, Plaintiff Curtis Murphy, proceeding pro se, filed his Original Petition in the County Civil Court at Law No. 1 of Harris County, Texas, Cause No. 1238738. ECF 6-1. Plaintiff claims Defendant Frank Nania, an insurance adjuster with Meridian Security Insurance Company ("Meridian"), is liable for negligence, breach of fiduciary duty, fraud, and violations of the Texas Insurance Code regarding the denial of Plaintiff's insurance claim. *Id.* at 13–23. On December 16, 2024, Defendant timely removed this case to federal court invoking the Court's

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 18.

diversity jurisdiction. ECF 1. On January 3, 2025, Plaintiff timely filed for remand to state court. ECF 10.

Prior to this lawsuit, Meridian filed a declaratory judgment action (the "Meridian Lawsuit") seeking a determination that it was not liable for payment of Plaintiff's insurance claim. ECF 8-1. In that suit, Plaintiff asserted counterclaims against Meridian for breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing with respect to the denial of Plaintiff's insurance claim. ECF 1-3 at 9–11. A jury in the United States District Court for the Eastern District of Texas found Meridian was not liable and final judgment was entered. ECF 8-5; ECF 8-8. The Fifth Circuit affirmed. ECF 8-7. The claims in this case involve the same insurance claim a jury found Meridian not obligated to pay in the Meridian Lawsuit, but Plaintiff is now asserting claims against the Meridian employee who served as the adjuster on the claim instead of Meridian. ECF 6-1 at 13.

## II.     Legal Standards.

Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). A defendant may remove a civil action from state court only if the federal court would have original jurisdiction if the action had been filed in federal court. 28 U.S.C. § 1441(a). Defendant, as the removing party, bears the burden of establishing the existence of federal jurisdiction. *See Manguno v.*

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

### III.   Analysis.

Defendant removed this case based on diversity subject matter jurisdiction. ECF 1.  Federal courts have diversity jurisdiction over civil actions where (1) the amount in controversy exceeds $75,000, and (2) the controversy is between citizens of different states, meaning the citizenship of all persons on one side of the controversy differs from that of all persons on the other side.  28 U.S.C. § 1332(a)(1); *Bynane v. Bank of N.Y. Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 355-56 (5th Cir. 2017) (citations omitted).   Plaintiff's Petition establishes complete diversity among the parties by alleging that Plaintiff is a citizen of Mississippi and Defendant is a citizen of Iowa.  ECF 1-1 at ¶¶ 1.1–1.2.

In addition, Defendant's Notice of Removal includes the following plausible allegation that the amount in controversy exceeds $75,000:

> Here, Plaintiff has pleaded that the amount in controversy "does not exceed $250,000." However, the insurance claim and jury trial that serve as the basis for Plaintiff's claims against Defendant in this action concerned a policy-limits fire damage claim totaling $525,200. Plaintiff's disclosures in that case claimed $525,200 "in damages sustained" from the fire and referenced the liquidated demand/total loss provision of section 862.053 of the Texas Insurance Code making such loses a policy limits loss. In this case, Plaintiff alleges wrongful conduct by Defendant in the investigation of that insurance claim, in the trial and unfavorable jury verdict in the lawsuit arising from that claim, and in the resulting appeal of that jury verdict by Plaintiff to the 5th Circuit. Plaintiff alleges that he suffered damage from Defendant's alleged

3

>wrongful conduct in the form of a "delayed and denied insurance claim" and "legal fees and expenses related to the previous lawsuit," and that the insurer is "liable for bad faith, including the policy benefits and any damages caused." The policy benefits that were allegedly delayed and denied in the claim alone total $525,200. Plaintiff has further pleaded that he seeks compensatory damages, punitive damages, pre-judgment and post-judgment interest, and attorney's fees in this lawsuit.

ECF 1 at 4; *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Thus, the Court finds diversity subject matter jurisdiction exists in this case.

Plaintiff argues that removal was procedurally improper because (1) the case is governed exclusively by Texas law, (2) venue is proper in Texas state court, (3) Plaintiff gets to choose the forum, and (4) there is no federal interest at stake. ECF 10 at 3–6. These arguments are all without merit. As set forth above, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) and therefore removal was proper under 28 U.S.C. § 1441. That the claims are governed exclusively by Texas law does not impact Defendant's right to remove the case based on diversity jurisdiction. Federal courts sitting in diversity apply state substantive law. *See Krieser v. Hobbs*, 116 F.3d 736, 739 (5th Cir. 1999) (stating federal courts exercising diversity jurisdiction apply the law of the forum state). Second, that venue is proper in County

4

Civil Court at Law No. 1 of Harris County under Texas' general venue statute[2] has no bearing on this Court's diversity subject matter jurisdiction. Third, while it is true that Plaintiff is the "master of the claim," that fact does not prevent Defendant from properly removing a case to federal court when the requirements for diversity subject matter jurisdiction are met. Plaintiff's reliance on *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) is misplaced as that case involved federal question jurisdiction rather than diversity jurisdiction. Fourth and finally, the lack of a federal interest is irrelevant because removal was based on diversity jurisdiction.

## IV. Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Remand (ECF 10) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

---

[2] Tex. Civ. Prac. & Rem. Code § 15.002.

Signed on March 26, 2025, at Houston, Texas.

                                                Christina A. Bryan
                                        United States Magistrate Judge