United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS MURPHY, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-04940 |
| | § | |
| FRANK NANIA, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant Frank Nania's Motion to Dismiss.[1] ECF 8. After considering the parties' arguments, the pleadings, and the applicable law, for the reasons below, the Court RECOMMENDS that Defendant's Motion be GRANTED.

### I.    Factual and Procedural Background.

#### A. The Meridian Lawsuit.

On November 26, 2019, Plaintiff Curtis Murphy purchased a homeowner's insurance policy (the "Policy") with Meridian Security Insurance Company ("Meridian"). ECF 6-1 at ¶ 4.1.  On January 23, 2020, a fire damaged Plaintiff's property located at 401 Davis Street, Longview, Texas 75602 (the "Property").  ECF 6-1 at ¶ 4.2.  On March 23, 2021, Meridian denied coverage for damage to the

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 18.

Property.  *Id.* (citing ECF 11 at 19 (the Denial Letter).  On September 9, 2021, Meridian initiated a declaratory judgment action against Plaintiff Curtis Murphy in the United States District Court for the Eastern District of Texas seeking a declaration that it was not liable to Plaintiff for a claim under the Policy (the "Meridian Lawsuit").  ECF 8-1.  Specifically, Meridian sought a declaration that (1) Plaintiff did not reside at the Property on the inception date of the Policy; (2) Plaintiff's interest in the dwelling and personal property being claimed at the time of the fire has not been substantiated; and (3) Plaintiff's failure to cooperate and to timely comply with requests for documents and information was prejudicial to Meridian such that it has no duty to provide coverage.  *Id.* at ¶ 17.  Plaintiff counterclaimed for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code Chapters 541 and 542.  ECF 8-2.

On October 12, 2022, United States District Court Judge Jeremy Kernodle granted Meridian's Motion for Summary Judgment on Plaintiff's Texas Insurance Code Chapter 541 and breach of the duty of good faith and fair dealing counterclaims. *Meridian Sec. Ins. Co. v. Murphy*, No. 6:21-CV-353-JDK, 2022 WL 7145419 (E.D. Tex. Oct. 12, 2022), *aff'd*, No. 22-40811, 2023 WL 5346064 (5th Cir. Aug. 18, 2023).  On November 16, 2022, a jury unanimously found the following: (1) Plaintiff did not reside at the Property on the inception date of the

Policy, (2) Plaintiff had no insurable interest in the Property on the date of the fire, (3) Plaintiff did not comply with all conditions precedent in the Policy, and (4) Plaintiff's failure to comply with the conditions precedent under the Policy prejudiced Meridian.  ECF 8-8.  On the same day, Judge Kernodle entered final judgment granting Meridian's request for declaratory judgment that Meridian is not liable for the loss or damage to the Property.  ECF 8-5.  Judge Kernodle also entered a take nothing judgment on Plaintiff's Texas Insurance Code Chapter 542 and breach of contract counterclaims.  *Id.*  On August 18, 2023, the United States Court of Appeals for the Fifth Circuit affirmed the district court in a per curiam opinion. *Meridian Sec. Ins. Co. v. Murphy*, No. 22-40811, 2023 WL 5346064 (5th Cir. Aug. 18, 2023).

### B. The current lawsuit.

On November 4, 2024, Plaintiff, now proceeding pro se, filed his Original Petition in the current suit against Defendant Frank Nania.  ECF 6-1.  Frank Nania was the employee of Meridian insurance who denied Plaintiff's claim at issue in the Meridian Lawsuit.  *Id.* at ¶ 3.1.  Plaintiff brings claims against Nania for gross negligence, breach of fiduciary duty, intentional misrepresentation, fraud, and violations of Chapters 541 and 542 of the Texas Insurance Code.  ECF 6-1 at 13–23.  Plaintiff alleges in this suit:

> [T]he three issues listed in the denial letter were all based on allegations of fraud and intentional misrepresentation by the Defendant … [D]ue

to the Defendant's deliberate falsehood regarding a material fact in his denial letter to the Plaintiff and his decision for Meridian not to pay the valid claim, it is proper to sue the adjuster Frank Nania based on new evidence of omission and fraudulent information that was not raised and issues that were not decided in the [Meridian Lawsuit].

*Id.* at 13.

On December 16, 2024, Nania removed the case to federal court invoking the Court's diversity jurisdiction. ECF 1. On December 23, 2024, Nania filed a Motion to Dismiss. ECF 8. Plaintiff filed a Response (ECF 11), to which Nania replied (ECF 16). Also pending before the Court is Plaintiff's Motion for Summary Judgment. ECF 27.

## II.    Legal Standards.

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. FED. R. CIV. P. 12(d). "A district court may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201. *George v. SI Group, Incorporated*, 36 F.4th 611, 619 (5th Cir. 2022). Going beyond the pleadings is otherwise error. *Id.*

The Court takes judicial notice of the documents of public record attached to Nania's Motion to Dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). Nania attached the following documents to his Motion to Dismiss:

- Meridian's Complaint from the Meridian Lawsuit (ECF 8-1);

- Plaintiff's Answer and Counterclaim from the Meridian Lawsuit (ECF 8-2);

- Final Judgment from the Meridian Lawsuit (ECF 8-5);

- Plaintiff's Appeal to the Fifth Circuit from the Meridian Lawsuit (ECF 8-6);

- the Fifth Circuit's Opinion from the Meridian Lawsuit (ECF 8-7);

- the completed Verdict Form from the Meridian Lawsuit (ECF 8-8); and

- Judge Kernodle's Summary Judgment opinion from the Meridian Lawsuit (ECF 8-9).

The Court also takes judicial notice of the March 23, 2021, Denial Letter Meridian sent to Plaintiff, which is attached to Plaintiff's Answer and Counterclaim in the Meridian Lawsuit (ECF 8-2) and Plaintiff's Response to Nania's Motion to Dismiss (ECF 11 at 19–24), referred to throughout Plaintiff's Complaint (ECF 6-1), and central to Plaintiff's claims in the current suit.

### III. Analysis.

Nania argues that Plaintiff's claims do not survive 12(b)(6) scrutiny. First, Nania argues that Plaintiff's claims are barred by res judicata and collateral estoppel. Second, Nania argues that Plaintiff's gross negligence, Texas Insurance Code, and malpractice claims are barred by the applicable statute of limitations. Third, Nania argues that Plaintiff has failed to plead sufficient facts to support his claims for breach of fiduciary duty, gross negligence, malpractice, fraud, and intentional misrepresentation.

## A. The Court has jurisdiction.

On March 26, 2025, the Court issued a Memorandum and Recommendation ("M&R") (ECF 30) to the district court that Plaintiff's Motion for Remand (ECF 10) should be denied. On April 11, 2025, United States District Court Judge Sim Lake adopted the Court's M&R. ECF 32. For the reasons stated in the Court's M&R, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## B. The doctrine of res judicata bars Plaintiff's claims.

Nania argues that res judicata bars Plaintiff's claims in the current suit. Plaintiff responds that res judicata is not applicable to the current suit because the current suit involves claims that differ from those decided in the Meridian Lawsuit. Plaintiff argues that his fraud and misrepresentation claims are distinct from the contractual claims he brought in the Meridian Lawsuit. Plaintiff also argues that Nania's individual liability was not addressed in the Meridian Lawsuit. Further, Plaintiff argues that the proper definition of "Residence Premises" was not submitted to the jury.[2]

A claim is barred by res judicata when: (1) the parties in the prior and present suit are identical, or in privity; (2) a court of competent jurisdiction rendered the

---

[2] Although not germane to the Court's res judicata analysis, the record indicates that Plaintiff did not object to this definition at the charge conference. Nor was the issue raised on appeal. ECF 8-6; ECF 8-7. Issues not raised on appeal "constitute waiver of that argument." *Matter of Ondova Limited Company*, 914 F.3d 990, 994 (5th Cir. 2019) (citing *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008)).

7

prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).

### 1. Nania and Meridian are in privity for res judicata purposes.

A "vicarious liability relationship between an employer and employee can create the requisite privity" for res judicata purposes." *Sacks v. Texas S. Univ.*, 83 F.4th 340, 346 (5th Cir. 2023) (citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288–89 (5th Cir. 1989)).

Here, Meridian and Nania are in privity.  Nania was Meridian's employee when he performed the acts at issue in the Meridian Lawsuit and this lawsuit.  ECF 6-1 at ¶ 3.1.  Plaintiff's counterclaims against Meridian in the Meridian Lawsuit are premised on Nania's conduct as an employee of Meridian.  ECF 8-2 at ¶¶ 35–36 (citing the March 23, 2021, Denial Letter signed by Nania).  In other words, Plaintiff sought to hold Meridian vicariously liable for Nania's decision to deny coverage.  This type of employer-employee relationship establishes privity for res judicata purposes.  *See Sacks*, 83 F.4th at 346 ("Weeden's interests were adequately represented in *Sacks I* by TSU, which employs Weeden and is vicariously liable for his conduct."); *See also Clyce v. Farley*, 836 F. App'x 262, 269 (5th Cir. 2020) ("We have also applied claim preclusion to the vicarious liability relationship between a private employer and its employees."); *McLemore v. Jacobs*, No. 4:21-CV-485-

8

ALM-CAN, 2022 WL 4230548, at *5 (E.D. Tex. Aug. 14, 2022), report and recommendation adopted sub nom. *McLemore v. Wal-Mart Stores Texas, LLC*, No. 4:21-CV-485, 2022 WL 4227225 (E.D. Tex. Sept. 13, 2022) ("Plaintiff's claims against [Walmart employees] arise out of the same claims against Walmart that were litigated in the First Lawsuit; thus, privity of the parties exists to satisfy the first *res judicata* element."). Nania satisfies the first element of res judicata.

### 2. A court of competent jurisdiction rendered final judgment on the merits in the Meridian Lawsuit.

"A court of competent jurisdiction is a court with the power to adjudicate the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91 (2017). A court's "subject matter jurisdiction defines its power to hear cases." *Id.* at 92.

The Meridian Lawsuit was tried to final judgment in the United States District Court for the Eastern District of Texas. ECF 8-5. Plaintiff's Answer and Counterclaim establish that the court in the Meridian Lawsuit properly exercised its diversity jurisdiction over the case. ECF 8-2 at ¶ 3. The Meridian Lawsuit involved Plaintiff, a citizen of Mississippi, and Meridian, a citizen of Ohio, with an amount in controversy that exceeded $75,000. *Id.* Plaintiff's claims in the Meridian Lawsuit were resolved on the merits through summary judgment and a jury verdict. ECF 8-5; *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (Summary judgment "is the procedural equivalent of a trial and is an adjudication of the claim on the merits."). Nania satisfies the second and third elements of res judicata.

9

### 3. The current suit and the Meridian Lawsuit are based on the same nucleus of operative facts.

Res judicata considers claims that have been finally adjudicated or could or *should* have been raised in a prior suit. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (emphasis added); *See also D-1 Enters., Inc. v. Commercial State Bank*, 864 F.2d 36, 38 (5th Cir. 1989) ("Essential to the application of the doctrine of res judicata is the principle that the previously unlitigated claim could or should have been brought in the earlier litigation."). To determine whether a second suit raises claims that were or should have been raised in a prior suit, courts in the Fifth Circuit apply the transactional test from Section 24 of the Restatement (Second) of Judgments. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870-71 (5th Cir. 1984); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 386 (5th Cir. 2000).

Under the transactional test, "the preclusive effect of a prior judgment extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *In re Paige*, 610 F.3d at 872 (internal quotations omitted). The res judicata analysis focuses on whether the two actions are based on "the same nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *Id.* Whether the same nucleus of operative facts is present depends

on "the factual predicate of the claims asserted." *Id.* (citing *In re Ark–La–Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)).

Plaintiff's Petition is premised on the three reasons Nania gave for denying coverage: (1) Plaintiff did not reside at the Property as of the Policy's inception date, (2) Plaintiff lacked an insurable interest in the Property, and (3) Plaintiff failed to comply with the conditions precedent in the Policy. ECF 6-1 at 13. Plaintiff alleges that Nania reached those three conclusions and denied coverage based on fraud. *Id.* Significantly, in the Meridian Lawsuit, the jury considered the exact three issues Plaintiff raises in the current suit, and found in Meridian's (Nania's employer) favor. ECF 8-8. The only difference in the current suit is that Plaintiff has substituted Nania for Meridian.

Plaintiff argues that his claims in the current suit invoke "new evidence" of omission and fraud with respect to Nania individually that was not raised in the Meridian Lawsuit. ECF 6-1 at 13. The "new evidence" Plaintiff refers to is trial testimony and appellate argument from the Meridian Lawsuit. *Id.* at 9–12. Suffice it to say, the facts of the current suit, "new evidence" included, have already been put before a jury and the Fifth Circuit. What is more, Plaintiff essentially seeks the same damages in both the Meridian Lawsuit and the current suit. Compare ECF 6-1 at ¶ 5.3 (seeking damages for "…loss of property coverage due to the delayed and denied insurance claims, costs incurred that should have been covered under the

insurance policy, and legal fees and expenses related to the previous lawsuit and ongoing litigation.") with ECF 8-2 at ¶¶ 39–41 (seeking to recover the Policy limit, expenses, attorney's fees, and interest).

In sum, Plaintiff's claims in both the Meridian Lawsuit and the current suit are based on "the same nucleus of operative facts"—the denial of his insurance claim. Raising new causes of action against Meridian's employee based on facts already litigated does not change the analysis. *In re Paige*, 610 F.3d at 872. Nania has satisfied the fourth element of res judicata.

Plaintiff's claims in the current suit are barred by res judicata. Because Plaintiff's claims should be dismissed on res judicata grounds, the Court need not address Nania's alternative bases for dismissal.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant Frank Nania's Motion to Dismiss (ECF 8) be GRANTED and this case DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.


Signed on April 18, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge